**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/
PERSONAL INJURY PRODUCTS LIABILITY
LITIGATION                                                                              MDL No. 3047

IN RE: ROBLOX CORPORATION CHILD SEXUAL
EXPLOITATION AND ASSAULT LITIGATION                              MDL No. 3166

**ORDER DENYING TRANSFER**

**Before the Panel:**[*]  Defendants TikTok Inc., TikTok LLC, and ByteDance Inc. (together, the TikTok defendants) in the Eastern District of Kentucky *Seitz* action listed on the attached Schedule A move under 28 U.S.C. § 1407(c) to transfer the action to the Northern District of California for inclusion in MDL No. 3047, *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation* (the Social Media Addiction MDL).  Alternatively, the TikTok defendants ask that we transfer the claims against them to MDL No. 3047 and separate and remand the remaining claims.  Defendant Discord Inc. opposes transfer of the claims against it to MDL No. 3047.  Defendant Roblox Corporation does not oppose transfer of all claims to MDL No. 3047 or the alternative suggestion to separate and remand the claims against Roblox and Discord. Plaintiff agrees that the claims against the TikTok defendants should be transferred to MDL No. 3047 and opposes transfer of the claims against defendants Roblox and Discord to that MDL; plaintiff moves to transfer those claims to the Northern District of California for inclusion in MDL No. 3166, *In re Roblox Corporation Child Sexual Exploitation and Assault Litigation* (the Roblox MDL).  Roblox and Discord, joined by interested parties Snap, Inc., and Meta Platforms, Inc., oppose plaintiff's motion.  In response to plaintiff's motion, the TikTok defendants maintain the position taken in their motion for transfer.  Together, the motions require that we decide whether the *Seitz* action, or any part of it, should be transferred to the Social Media Addiction MDL or to the Roblox MDL, or not transferred at all.  Given the relatively unique allegations of the *Seitz* complaint concerning "grooming for violence," we choose the latter option.

I.  Background of MDL Nos. 3047 and 3166

The actions in the Social Media Addiction MDL "present common factual questions arising from allegations that defendants' social media platforms are defective because they are designed to maximize user screen time, which can encourage addictive behavior in adolescents."  *In re*

---

[*]  Judge Karen K. Caldwell and Madeline Cox Arleo did not participate in the decision of this matter.

-2-

*Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, 637 F. Supp. 3d 1377, 1378 (J.P.M.L. 2022). Plaintiffs in the MDL allege defendants were aware that their platforms were harmful to minors but failed to warn the public. *See id.* Plaintiffs also allege that the platforms fail to verify age, encourage adolescents to bypass parental controls, inadequately safeguard against harmful content, and intentionally amplify harmful and exploitive content. *Id.* We centralized the litigation in 2022 before Judge Yvonne Gonzalez Rogers in the Northern District of California.

Plaintiffs in the Roblox MDL allege that "they (as minors), or their minor children, were sexually exploited and, in some cases, assaulted by child predators who targeted and groomed them through the Roblox gaming platform." *See In re Roblox Corp. Child Sexual Exploitation and Assault Litig.*, 812 F. Supp. 3d 1355, 1356 (J.P.M.L. 2025). Plaintiffs contend that, "having established a connection with the minor plaintiffs on Roblox, the predators then persuaded the minors to continue their interactions, and often to exchange sexually explicit images, on a second platform such as Discord, Snapchat, or Instagram, or via texting or video-calling on a cellular phone." *Id.* In December 2025, we centralized the litigation in the Northern District of California before Judge Richard Seeborg.

After considering the argument of counsel, we conclude that transfer under 28 U.S.C. § 1407 to either MDL will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. Plaintiff in the *Seitz* action alleges that, while using the Roblox platform, her daughter was exposed to material encouraging violence and homophobia, and that she ultimately was pressured into committing suicide. She alleges that the "grooming for violence" was also conducted on Discord and TikTok.

## II. Plaintiff's Motion to Transfer to the Roblox MDL (No. 3166)

Turning first to the motion for transfer to the Roblox MDL, plaintiff argues that the Roblox and Discord claims overlap with the MDL because, like the MDL plaintiffs, she alleges that her child was groomed and exploited by predators on Roblox and that the grooming and exploitation continued via Discord. She further maintains that transfer is appropriate because discovery will overlap as to the lack of adequate safety features on the Roblox and Discord apps and defendants' failure to warn of the risks they pose. She notes that all claims asserted against Roblox and Discord thus far in MDL No. 3047 have been stayed and no discovery has been conducted.

Roblox and Discord argue that none of the claims in the *Seitz* action fall within the scope of the Roblox MDL as defined in the Panel's initial transfer order because plaintiff does not allege that her child was sexually exploited or assaulted. They contend that *Seitz* will not involve common discovery with the MDL because *Seitz* will focus on defendants' alleged failure to monitor for and filter out violence-related material, whereas discovery in the MDL will focus on defendants' supposed failure to monitor for and screen out sexually-oriented content. Defendants urge the Panel to maintain the "fence" that it established when it created the MDL, limiting its scope to actions involving sexual exploitation or assault, and they argue that expanding the MDL's scope would result in an unwieldy and unmanageable MDL.

We conclude that *Seitz* is not properly included in MDL No. 3166. As plaintiff concedes, the *Seitz* action includes no allegations that plaintiff's daughter was sexually exploited through the Roblox platform or sexually assaulted by a predator whom she encountered on the platform. There may be some degree of overlap in the discovery in *Seitz* and the MDL, as both will focus on Roblox and Discord's allegedly inadequate parental controls, safety features, and warnings regarding potential risks to children, but we are not persuaded that this is sufficient reason to expand the scope of the MDL as plaintiff suggests. Including cases that do not involve sexual exploitation, predation, or assault could result in an overly broad MDL involving any plaintiff injured by exposure to objectionable content on Roblox. Such an MDL would be unduly complicated and difficult to manage.

III. TikTok's Motion to Transfer to the Social Media Addiction MDL (No. 3047)

As for whether to include *Seitz* in the Social Media Addiction MDL, we are presented with requests to transfer all or part of the action. As an initial matter, we do not find separation and remand of the claims against Discord and Roblox to be appropriate here. We have found that "[w]hether Section 1407(a) remand is available turns on a highly specific inquiry about how each complaint is pled." *In re MOVEit Customer Data Sec. Breach Litig.*, 699 F. Supp. 3d 1402, 1406 n.6 (J.P.M.L. 2023). Each claim in *Seitz* is brought "against each defendant," and plaintiff alleges an indivisible injury, asserting that defendants are "jointly and severally responsible for the injuries caused by any one of Defendants' apps." *Seitz* Am. Compl. at ¶¶ 277, 296, 319, 339, 365, 384. Section 1407(a) grants the Panel authority to "separate any claim," but it "does not authorize the Panel to transfer one issue raised by a claim … while remanding another issue raised by the same claim." *In re Nat'l Prescription Opiate Litig.*, 576 F. Supp. 3d 1378, 1381 (J.P.M.L. 2021) (quoting *In re Air Crash Disaster at Duarte, Cal. on June 6, 1971*, 346 F. Supp. 529, 530 (J.P.M.L. 1972)). While we occasionally have separated and remanded cases on a per-defendant basis, we have found that, where the underlying claims appear indivisible, separating and remanding such claims may be "impracticable." *See id*. at 1380; *In re Soc. Media*, 637 F. Supp. 3d at 1379 ("Opposing defendants alternatively request the Panel separate and remand the claims against them to their transferor courts. We decline to do so, as plaintiffs allege common indivisible injuries from multiple products, and severance and remand would complicate the litigation by multiplying each plaintiff's claims across different courts.").

Viewing *Seitz* in its entirety, we do not find that including it in the Social Media Addiction MDL would promote the just and efficient conduct of either *Seitz* or the actions in the MDL. We find that any common discovery and pretrial proceedings between *Seitz* and the Social Media Addiction MDL actions will be overshadowed by unique issues involving unrelated parties, platforms, and claims. Plaintiff's complaint is rooted in purportedly violent content allegedly promoted to plaintiff's daughter by three groups of defendants, only one of which (TikTok) is an active defendant in the MDL. A small portion of plaintiff's complaint alleges that TikTok is designed to be addictive to adolescents, but TikTok's conduct in that regard has a somewhat tenuous connection to her claims. Plaintiff alleges that this conduct is part of TikTok's "engagement strategy," to maximize user engagement and time spent on the platform, and that the

-4-

resulting addiction knowingly makes children more susceptible to violent content.[1]  While plaintiff may seek some discovery relating to allegations that TikTok is designed to be addictive to adolescents and that TikTok was incentivized to maximize users' time spent on the platform, plaintiff's allegations are overwhelmingly focused on the promotion of violent content and the encouragement of violence and self-harm.  Plaintiff does not allege her daughter was addicted to social media or spent excessive amounts of time on TikTok.  While *Seitz* also includes allegations that are at issue in other Social Media Addiction MDL actions—including that TikTok fails to verify users' ages, encourages adolescents to bypass parental controls, and inadequately safeguards against and amplifies harmful and exploitive content—we have endeavored from the start to limit this MDL to cases in which plaintiffs base their claims on allegations that social media platforms were designed to be addictive to minors.  *Seitz* is a clear outlier.

IT IS THEREFORE ORDERED that the motions for transfer of the action listed on Schedule A are DENIED.

PANEL ON MULTIDISTRICT LITIGATION

_____
Matthew F. Kennelly
Acting Chair

David C. Norton          Dale A. Kimball
M. Casey Rodgers

---

[1]      *See Seitz* Compl. at ¶¶ 204-06 ("It is precisely these young users' heightened sensitivity to rewards and stimuli that makes them both ideal targets for advertising and acutely susceptible to rabbit holes of harmful content.  TikTok takes advantage of both phenomena and seeks to capture the attention of their minor users by amplifying content that plays heavily on users' emotions, regardless of whether they are positive or self-destructive.").

**IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/
PERSONAL INJURY PRODUCTS LIABILITY
LITIGATION**                                           MDL No. 3047

**IN RE: ROBLOX CORPORATION CHILD SEXUAL
EXPLOITATION AND ASSAULT LITIGATION**              MDL No. 3166

## SCHEDULE A

<u>Eastern District of Kentucky</u>

SEITZ v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−00166